1   Sang I. Lee SBN 201874
    sileelaw@hotmail.com
2   LAW OFFICES OF SANG I. LEE
    8383 Wilshire Boulevard, Suite 510
3   Beverly Hills, CA 90211
    Telephone: (323) 653-6817
4   Facsimile: (323) 653-6715

5   Attorney for Plaintiffs
    SSI KOREA CO., LTD
6   SUNTEK SYSTEMS, INC.

7

8                **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  SSI KOREA CO., LTD, a Korean             CASE NO. SACV13-1072DOC (RNBx)
    corporation; SUNTEK SYSTEMS, INC.,
    a California corporation,

12                                           **COMPLAINT FOR**
             Plaintiffs,
13                                           **1. Infringement of Copyright**
         vs.                                 **2. Misappropriation of Trade Secret**
14                                           **3. Unfair Competition**
    WAI WONG aka ERIC WONG, an               **4. Conspiracy**
15  individual; MINGJI YIN aka PETER         **5. Breach of the Duty of Loyalty**
    YIN, an individual; I - COM SYSTEMS,     **6. Breach of Confidence**
16  INC., a California corporation;          **7. Interference with Contractual**
    SUNWAY EXPRESS, INC., a California           **Relationships**
17  corporation; VANAIR FREIGHT
    INTERNATIONAL (U.S.A.), INC., a
18  California corporation; SUNNY
    INTERNATIONAL LOGISTICS, INC.,
19  a California corporation; SUNNY
    INTERNATIONAL LOGISTICS (NY),
20  INC., a New York corporation;
    WESTERN LOGISTICS,INC., a
21  California corporation; G & J EXPRESS
    TRANSPORT, INC., a California
22  corporation; STRAIGHT
    FORWARDING, INC., a California
23  corporation; CTL LAX, INC., a
    California corporation; CTL USA, INC.,
24  a New Yong corporation; M
    FORWARDER, LLC., a New York
25  limited liability company; DOES 1-~~200~~,
                                      10
26           Defendants.

27

28
                              1
                         COMPLAINT

Plaintiffs SSI Korea Co., Ltd ("SSI Korea") and Suntek Systems, Inc. ("Suntek") for their Complaint allege as follows:

## JURISDICTION AND VENUE

1.     The cause of action for copyright infringement arises under the Act of October 19, 1976, Title I §101, 90 Stat. 2541; 17 U.S.C. §501; and this court has jurisdiction under the Act of June 25, 1948, c. 646, 62 Stat. 931; 28 U.S.C. §1338, as hereinafter more fully appears.     The remaining causes of action for misappropriation of trade secret, unfair competition, conspiracy, breach of the duty of loyalty, breach of confidence, and interference with contractual relationships arise under the laws of the state of California.  The Court has jurisdiction over these substantial and related claims pursuant to 28 U.S.C. §1367.

2.     Venue in the Central District of California is proper as to defendants who reside in this District, and as to defendants who reside outside of this District, because a substantial part of the events or omissions on which the claims are based occurred in this District, both pursuant to 28 U.S.C. §1391.

## INTRODUCTION

3.     This case concerns the wholesale theft of various intellectual properties owned by plaintiffs.  Defendants include former employees, and former customers of plaintiffs.

4.     Plaintiffs develop, license and provide software products and services for the transportation and logistics industry.  More specifically, plaintiffs provide the logistics management solution for freight management, tracking, and reporting that allows users to perform all related business transactions.

5.     Plaintiff Suntek is a wholly owned subsidiary of plaintiff SSI Korea.

6.     As one of leading developers and service providers of technologies in the logistics industry, plaintiff SSI Korea owns all intellectual property rights in and to a software program known as FreightStream.     FreightStream, plaintiff SSI Korea's flagship product, is widely used and well known in the logistics industry.

2

FreightStream is a computer software program that enables its users to prepare all documents for freight forwarding and management, such as import/export documents, customs documents, shipping documents, invoices to customers, in addition to tracking freights and performing integrated accounting functions.

7.     Defendants Mingji Yin ("Yin") and Wai Wong ("Wong") are former employees of plaintiff Suntek. Plaintiffs are informed, believe and thereon allege that during their employment with Suntek, they not only stole Suntek's software, including FreightStream, but also stole the list of existing and prospective customers of plaintiff Suntek. Plaintiffs are informed, believe and thereon allege that defendants Yin and Wong established defendant I-Com Systems, Inc. ("I-Com") to carry out their scheme to profit from plaintiffs' intellectual properties and trade secrets which defendants Yin and Wong stole from plaintiffs.

8.     Plaintiffs are informed, believe and thereon allege that defendants Sunway Express, Inc., Vanair Freight International (U.S.A.), Inc., Sunny International Logistics, Inc., Sunny International Logistics (NY), Inc., Western Logistics, Inc., G & J Express Transport, Inc., Straight Forwarding, Inc., CTL LAX, Inc., and CTL USA, INC. are either former or prospective customers of plaintiffs who purchased FreightStream from defendants Yin, Wong and/or I-Com in violation of plaintiffs' intellectual property rights with a full knowledge of plaintiffs' rights to FreightStream.

9.     In or around April 2013, plaintiffs first became aware of these unauthorized and illegal use of FreightStream by various users, and means by which they obtained FreightStream, i.e., through defendants Yin, Wong and/or I-Com. The identity and number of such illicit users, other than the named defendants, are unknown to plaintiffs.

10.     Plaintiffs bring this action for copyright infringement against all defendants. Furthermore, plaintiff Suntek brings this action for various causes action arising out of the laws of the state of California against defendants Yin,

3

Wong, and I-Com.

## THE PARTIES

11.    Plaintiff SSI Korea Co., Ltd is a corporation duly organized in the Republic of Korea.  Plaintiff SSI Korea Co., Ltd is in the business of developing and licensing computer programs, and providing services to companies in the logistics industry.

12.    Plaintiff Suntek Systems, Inc. is a corporation duly organized in the state of California.  Plaintiff Suntek Systems, Inc. is in the business of licensing computer programs, and providing services to companies in the logistics industry. Suntek is a wholly owned subsidiary of plaintiff SSI Korea.

13.    Plaintiffs are informed, believe, and thereon allege that defendant Wai Wong aka Eric Wong is, and at all times herein mentioned and relevant was, an individual residing in Orange County, California.

14.    Plaintiffs are informed, believe, and thereon allege that defendant Mingji Yin aka Peter Yin is, and at all times herein mentioned and relevant was, an individual residing in Los Angeles County, California.

15.    Plaintiffs are informed, believe, and thereon allege that defendant I - Com Systems, Inc. is, and at all times herein mentioned and relevant was, a corporation duly organized in the state of California, owned and control by defendant Mingji Yin and/or defendant Wai Wong, with its principal place of business in Los Angeles County.

16.    Plaintiffs are informed, believe, and thereon allege that defendant Sunway Express, Inc. is, and at all times herein mentioned and relevant was, a corporation organized in the state of California with its principal place of business in Los Angeles County.  Defendant Sunway Express, Inc. is engaged in the logistics business.

17.    Plaintiffs are informed, believe, and thereon allege that defendant Vanair Freight International (U.S.A.), Inc. is, and at all times herein mentioned and

4

relevant was, a corporation organized in the state of California with its principal place of business in Los Angeles County. Defendant Vanair Freight International (U.S.A.), Inc. is engaged in the logistics business.

18. Plaintiffs are informed, believe, and thereon allege that defendant Sunny International Logistics, Inc. ("Sunny") is, and at all times herein mentioned and relevant was, a corporation organized in the state of California with its principal place of business in Los Angeles County. Defendant Sunny International Logistics, Inc. is engaged in the logistics business.

19. Plaintiffs are informed, believe, and thereon allege that defendant Sunny International Logistics (NY), Inc. ("Sunny NY") is, and at all times herein mentioned and relevant was, a corporation organized in the state of New York. Defendant Sunny International Logistics (NY), Inc. is engaged in the logistics business. Plaintiffs are informed, believe, and thereon allege that Sunny NY regularly transacts substantial business in this district or otherwise purchased FreightStream, and engaged in transactions and activities alleged herein in this district.

20. Plaintiffs are informed, believe, and thereon allege that defendant Western Logistics, Inc. is, and at all times herein mentioned and relevant was, a corporation organized in the state of California with its principal place of business in Los Angeles County. Defendant Western Logistics, Inc. is engaged in the logistics business.

21. Plaintiffs are informed, believe, and thereon allege that defendant G & J Express Transport, Inc. is, and at all times herein mentioned and relevant was, a corporation organized in the state of California with its principal place of business in Los Angeles County. Defendant G & J Express Transport, Inc. is engaged in the logistics business.

22. Plaintiffs are informed, believe, and thereon allege that defendant Straight Forwarding, Inc. is, and at all times herein mentioned and relevant was, a

corporation organized in the state of California with its principal place of business in Los Angeles County. Defendant Straight Forwarding, Inc. is engaged in the logistics business.

23. Plaintiffs are informed, believe, and thereon allege that defendant CTL LAX, Inc. ("CTL LAX") is, and at all times herein mentioned and relevant was, a corporation organized in the state of California with its principal place of business in Orange County. Defendant CTL LAX, Inc. is engaged in the logistics business.

24. Plaintiffs are informed, believe, and thereon allege that defendant CTL USA, Inc. ("CTL USA") is, and at all times herein mentioned and relevant was, a corporation organized in the state of New York. Defendant CTL USA, Inc. is engaged in the logistics business. Plaintiffs are informed, believe, and thereon allege that CTL USA regularly transacts substantial business in this district or otherwise purchased FreightStream, and engaged in transactions and activities alleged herein in this district.

25. Plaintiffs are informed, believe, and thereon allege that defendant M Forwarder, LLC is, and at all times herein mentioned and relevant was, a limited liability company organized in the state of New York. Defendant M Forwarder, LLC is engaged in the logistics business. Plaintiffs are further informed, believe, and thereon allege that M Forwarder regularly conducts business in California or otherwise purchased FreightStream, and engaged in transactions and activities alleged herein in this district.

26. Plaintiffs are informed, believe, and thereon allege that all defendants are either former FreightStream users or otherwise knew that plaintiffs owned copyrights to FreightStream.

27. Plaintiffs are ignorant of the true names or capacities of all of the defendants sued herein under the fictitious names of DOES 1-~~200~~ 70. DOES 1-~~200~~ 10 are reserved for as yet unnamed and unknown defendants referred to, in part, in paragraph 9 of this Complaint. The DOES, like the named defendants, are liable

directly or vicariously for infringement of Plaintiffs' copyrighted works or other causes of alleged in this Complaint. Plaintiffs will amend this Complaint to insert true names and capacities of DOES when they are ascertained.

## PLAINTIFF SSI KOREA'S COPYRIGHTED WORKS

28.     Plaintiff SSI Korea is the owner, and licensor of the intellectual property rights in and to computer software known as FreightStream.

29.     FreightStream source code was first created and fixed in tangible form at least as early as 2000.

30.     FreightStream contains a large amount of material wholly original and is copyrightable subject matter under the laws of the United States.

31.     On April 19, 2013, plaintiff SSI Korea complied in all respects with the Act of October 19, 1976, Title I §101, 90 Stat. 2541; 17 U.S.C. §§401-402, and all other laws governing copyright and secured the exclusive rights and privileges in and to the copyright of the above entitled work, and received from the Register of Copyrights a certificate of registration, dated and identified as follows: "April 19, 2013, Registration No. TX 7-702-038."

32.     Under Section 106 of the Copyright Act of 1976, 17 U.S.C. §101 et. seq., plaintiff SSI Korea has distinct, severable and exclusive rights to, among other things, reproduce, prepare derivative works, and distribute its copyrighted works, including FreightStream software source code, and all object code and related data thereof in compiled, assembled, or executable file formats (collectively, the "Copyrighted Works").

33.     Plaintiffs generate revenue in a couple of ways. First, customers must pay initial setup fee to install and set up FreightStream software which can be downloaded from Plaintiffs' designated site by plaintiffs' customer support team. Then customers make monthly subscription payments computed based on number of seats/users for each customer.

34.     Plaintiffs track number of seats/users for each customer by requiring a

7

customer to create a login profile and password for each user.  Only users with registered machine address code in plaintiffs' authentication server have an access to plaintiffs' database server in customer premise which contain information and data relating to FreightStream.

### FORMER EMPLOYEES MINGJI YIN AND WAI WONG

35.    Defendant Yin is a former salaried employee of plaintiff Suntek. Defendant Yin was employed by Suntek from October 2004 to December 2006 as a R&D/Software Programmer.   As a R&D Software Programmer, Yin was in charge of, or otherwise had an access to all aspects of FreightStream, including the source code, technology and process related to plaintiffs' servers. Defendant Yin's duties included, among others, building the executable file format from the source code.

36.    Defendant Wong is a former salaried employee of plaintiff Suntek. Wong was employed by Suntek from June 2005 to April 2013 as a customer service and support representative.   As a customer service & support representative, Wong had an access to all aspects of FreightStream, including technology and process related to installation of FreightStream.   Furthermore, Wong had an access to Suntek's customer list and customer contact information, existing and prospective.

37.    Plaintiffs are informed, believe, and thereon allege that in or about 2008, defendants Yin and Wong established an entity known as I-Com Systems, Inc, a California corporation.   According to the website for I-Com Systems, Inc., accessible at one point on web addresses www.i-cominc.com and www.haefreight.com, the company provides IT solutions and services for freight management, identical to the business of Plaintiffs.

38.    Plaintiffs are informed, believe, and thereon allege that the computer software I-Com Systems, Inc. provided is none other than FreightStream.

39.    Plaintiffs are informed, believe, and thereon allege that defendants Yin, Wong and I-Com targeted existing and prospective customers of plaintiffs, which list defendants Yin and Wong stole from plaintiffs while they were employed by

8

Suntek.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement

### (Plaintiff SSI Korea, Ltd. Against All Defendants)

40.   Plaintiffs incorporate paragraphs 1 through 39, inclusive, as though fully set forth herein.

41.   Defendants Yin, Wong, and I-COM infringed on plaintiff SSI Korea's copyright by copying, distributing, selling, installing and using FreightStream without plaintiff's permission.

42.   Defendants Sunway Express, Inc., Vanair Freight International (U.S.A.), Inc., Sunny International Logistics, Inc., Sunny International Logistics (NY), Inc., Western Logistics, Inc., G & J Express Transport, Inc., Straight Forwarding, Inc., CTL LAX, Inc., CTL USA, Inc., and M Forwarder, LLC infringed on plaintiff SSI Korea's copyright by copying, installing, and using plaintiff SSI Korea's Copyrighted Works, including FreightStream.

43.   Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of plaintiff SSI Korea.

44.   As a direct and proximate result of defendants' infringement of plaintiff SSI Korea's Copyrighted Works and exclusive rights under the Copyright Act, plaintiff SSI Korea is entitled to the maximum statutory damages pursuant to 17 U.S.C. §504(c) up to $150,000 for each act of direct infringement.

45.   Alternatively, pursuant to 17 U.S.C. §504(b), plaintiff SSI Korea shall be entitled to its actual damages plus defendants' profits from infringement, as will be proven at trial.

46.   Plaintiffs are entitled to their costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. §505.

47.   Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause plaintiff SSI Korea great and irreparable injury that cannot fully

be compensated or measured in money.  Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §502, Plaintiff SSI Korea is entitled to a permanent injunction requiring defendants to employ reasonable methodologies to prevent or limit infringement of SSI Korea's Copyrighted Works and exclusive rights under the Copyright Act.

## SECOND CLAIM FOR RELIEF

### Misappropriation Of Trade Secret

### (Plaintiff Suntek Systems, Inc. Against Defendants Yin, Wong, And I-Com)

48.   Plaintiffs incorporate paragraphs 1 through 47, inclusive, as though fully set forth herein.

49.   Plaintiff Suntek was in possession of trade secrets consisting of a customer list including customer contact information.  The list was the result of a substantial amount of time, energy, and money on the part of plaintiff Suntek.

50.   The customer list had actual and potential economic value, in that it represents many years of research, marketing, client development, and client communications.

51.   Plaintiff Suntek made reasonable efforts to insure that the customer list remained a secret by disclosing the list only to those employees who needed the information to perform their jobs.

52.   Defendants Yin and Wong were employed by plaintiff Suntek as a programmer, and customer service & support representative and while employed in these capacities were informed of the above-described trade secrets.

53.   Plaintiff Suntek is informed, believes and thereon alleges that during and after termination of his employment with Suntek, defendant Yin misappropriated the customer list by soliciting plaintiff Suntek's customers.

54.   Plaintiff Suntek is informed, believes and thereon alleges that during and after termination of his employment with Suntek, defendant Wong misappropriated the customer list by soliciting plaintiff Suntek's customers.

10

55.    Plaintiff Suntek is informed, believes and thereon alleges that defendants Yin, Wong and I-Com performed the above-mentioned acts for the purpose of injuring plaintiff Suntek while gaining their own profit.

56.    Plaintiff Suntek have no adequate remedy at law for the injuries in that unless restrained, these defendants will continue to misappropriate the trade secrets for financial gain to plaintiff Suntek's detriment, and plaintiff would be required to maintain multiplicity of judicial proceedings to protect its interest.

57.    As a proximate result of the above-mentioned acts of defendants, plaintiff Suntek has been damaged in the sum exceeding $500,000, the exact amount to be determined at trial.

58.    The aforementioned acts of defendants Yin, Wong, I-Com and each of them, were willful, wanton, malicious and oppressive and were undertaken with the intent to defraud, which conduct justifies the awarding of exemplary and punitive damages in an amount to be determined at trial. Plaintiff Suntek is also entitled to reasonable attorney's fees.

## THIRD CLAIM FOR RELIEF

### Unfair Competition

### (Plaintiff Suntek Systems, Inc. Against Defendants Yin, Wong, And I-Com)

59.    Plaintiffs incorporate paragraphs 1 through 58, inclusive, as though fully set forth herein.

60.    The acts of defendants Yin, Wong, and I-Com alleged above constitute unfair competition in that such acts are unlawful, unfair or fraudulent business practices.

61.    Unless restrained by this court, these defendants will continue to engage in the acts of unfair competition, as alleged herein, thus tending to render judgment in the instant action ineffectual. Plaintiff Suntek have no adequate remedy at law for the injuries caused by these defendants' conduct, acts, and omissions, and the general public will be irreparably harmed if such acts and

11

omissions are not enjoined.  Plaintiff is entitled to injunctive relief to prohibit these acts and omissions and/or continued threatened acts of defendants, to prevent such irreparable harm form happening in the future.

62.    As a result of these defendants' conduct, acts and omissions, plaintiff Sutek is entitled to equitable restitution of any and all profits, revenues, compensation or other payments obtained by the defendants as a result of their acts of unfair competition.

## FOURTH CLAIM FOR RELIEF

### Conspiracy

### (Plaintiff Suntek Systems, Inc. Against Defendants Yin, Wong, And I-Com)

63.    Plaintiffs incorporate paragraphs 1 through 75, inclusive, as though fully set forth herein.

64.    During the period from 2005 to 2013, and at different times defendants Yin and Wong  were employed by plaintiff Suntek and had an access to Suntek's customer list including customer contact information.

65.    Plaintiff Suntek is informed, believes and thereon alleges that defendants Yin, Wong, and I-Com knowingly and willfully entered into an agreement and conspiracy to convert property belonging to plaintiff Suntek, whereby these defendants solicited business from Suntek's customers.

66.    As a proximate result of the above-mentioned acts of defendants, plaintiff Suntek has been damaged in the sum exceeding $500,000, the exact amount to be determined at trial.

67.    The aforementioned acts of defendants, and each of them, were willful, wanton, malicious and oppressive and were undertaken with the intent to defraud, which conduct justifies the awarding of exemplary and punitive damages in an amount to be determined at trial.  Plaintiff is also entitled to reasonable attorney's fees.

///

## FIFTH CLAIM FOR RELIEF

### Breach Of The Duty Of Loyalty

### (Plaintiff Suntek Systems, Inc. Against Defendants Yin And Wong)

68.     Plaintiffs incorporate paragraphs 1 through 67, inclusive, as though fully set forth herein.

69.     During the term of defendants Yin and Wong's employment with plaintiff Suntek, they owed the duty of undivided loyalty to plaintiff Suntek, which included among others, the duty to refrain from competing with Suntek and participating in business activities adverse to Suntek.

70.     Defendants breached their duty by diverting existing and potential customers' of plaintiff Suntek for their own account, and by stealing data, source code, business model, inventions, technology, process, method, and techniques.

71.     As a proximate result of the above-mentioned acts of defendants, plaintiff Suntek has been damaged in the sum exceeding $500,000, the exact amount to be determined at trial.

72.     The aforementioned acts of defendants Yin and Wong, were willful, wanton, malicious and oppressive and were undertaken with the intent to defraud, which conduct justifies the awarding of exemplary and punitive damages in an amount to be determined at trial.  Plaintiff Suntek is also entitled to reasonable attorney's fees.

## SIXTH CLAIM FOR RELIEF

### Breach Of The Duty Of Confidence

### (Plaintiff Suntek Systems, Inc. Against Defendants Yin And Wong)

73.     Plaintiffs incorporate paragraphs 1 through 85, inclusive, as though fully set forth herein.

74.     During and after the expiration of the term of defendant Yin and Wong's employment with plaintiff Suntek, they owed the duty of confidentiality not to disclose trade secrets acquired by them by virtue of their employment with

Suntek.

75.   Defendants Yin and Wong breached this duty by diverting existing and potential customers' of plaintiff Suntek for their own account, and by stealing data, source code, business model, inventions, technology, process, method, and techniques.

76.   As a proximate result of the above-mentioned acts of defendants, plaintiff Suntek has been damaged in the sum exceeding $500,000, the exact amount to be determined at trial.

77.   The aforementioned acts of defendants Yin and Wong, were willful, wanton, malicious and oppressive and were undertaken with the intent to defraud, which conduct justifies the awarding of exemplary and punitive damages in an amount to be determined at trial.   Plaintiff Suntek is also entitled to reasonable attorney's fees.

## SEVENTH CLAIM FOR RELIEF

### Interference With Contractual Relations

#### (Plaintiff Suntek Systems, Inc. Against Defendants Yin, Wong, And I-COM)

78.   Plaintiffs incorporate paragraphs 1 through 77, inclusive, as though fully set forth herein.

79.   Defendants Yin, Wong and I-Com have contacted existing customers and lawful users of FreightStream and offered their copies and services for much less money in fees, thereby interfering with existing and ongoing contracts between plaintiff Suntek and existing customers and lawful users.

80.   By reason of the foregoing, defendants Yin, Wong and I-Com have tortuously interfered with plaintiff Suntek's contracts.

81.   As a proximate result of the above-mentioned acts of defendants, plaintiff Suntek has been damaged in the sum exceeding $500,000, the exact amount to be determined at trial.

82.   Defendants' actions were undertaken with fraud, malice or oppression,

14

or with a conscious disregard of the rights of plaintiffs, and therefore, plaintiffs are entitled to an award of exemplary and punitive damages against defendants, and each of them, in an amount according to proof.  Plaintiff Suntek is also entitled to reasonable attorney's fees.

WHEREFORE, Plaintiffs pray for judgment against defendants, and each of them, as follows:

AS TO FIRST CLAIM

1.     For injunctive relief enjoining defendants, and their agents, employees, and all persons acting under, in concert with, or for them from infringing the copyright of plaintiff SSI Korea in any manner, and from using, selling, or otherwise disposing of any copies of the program Freightstream;

2.     For all profits of defendants plus all losses of plaintiff SSI Korea, the exact sum to be proven at the time of trial, or, if elected at trial  and applicable, statutory damages, as available under the Copyright Act, 17 U.S.C. §§101 et seq;

3.     For attorneys' fees as available under the Copyright Act, 17 U.S.C. §§101 et seq;

AS TO SECOND AND THIRD CLAIMS

4.     For injunctive relief enjoining defendants, and their agents, employees, and all persons acting under, in concert with, or for them from providing services to and soliciting plaintiff's customers;

AS TO THIRD CLAIM

5.     For restitution and disgorgement of profit according to proof at trial;

AS TO SECOND, AND FOURTH TO SEVENTH CLAIMS

6.     For actual damages plus exemplary and punitive damages;

AS TO ALL CLAIMS

7.     For accounting to plaintiffs for defendants' profits and any damages sustained by plaintiffs arising from the foregoing acts of infringement and other state claims;

15

8.     For general and special damages according to proof;

9.     For the costs of this action and reasonable attorney's fees to be allowed to the plaintiff by the court;

10.    For prejudgment interest on the award of monetary damages; and

11.    For such other and further relief as the court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated: July 11, 2013                          LAW OFFICE OF SANG I. LEE

By: _____
SANG I. LEE
Attorney for Plaintiffs
SSI Korea Co., Ltd and Suntek
Systems, Inc

16

COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

### SACV13- 1072 DOC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

SANG I. LEE (SBN 201874)
LAW OFFICES OF SANG I. LEE
8383 WILSHIRE BLVD., SUITE 510
BEVERLY HILLS, CA 90211
Tel (323) 653-6817
Fax (323) 653-6715

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SSI KOREA CO., LTD, a Korean corporation;
SUNTEK SYSTEMS, INC., a California corporation,

PLAINTIFFS

v.

WAI WONG aka ERIC WONG, an individual,
(Continued on Attachment A)

DEFENDANTS.

SACV13-1072 DOC (RNBx)

**SUMMONS**

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached Complaint under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Sang I. Lee, whose address is 8383 Wilshire Blvd., Suite 510, Beverly Hills, CA 90211                    . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____   JUL 1 8 2013

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**SUMMONS**

## Attachment A

MINGJI YIN aka PETER YIN, an individual; I - COM SYSTEMS, INC., a
California corporation; SUNWAY EXPRESS, INC., a California corporation;
VANAIR FREIGHT INTERNATIONAL (U.S.A.), INC., a California corporation;
SUNNY INTERNATIONAL LOGISTICS, INC., a California corporation;
SUNNY INTERNATIONAL LOGISTICS (NY), INC., a New York corporation;
WESTERN LOGISTICS,INC., a California corporation; G & J EXPRESS
TRANSPORT, INC., a California corporation; STRAIGHT FORWARDING, INC.,
a California corporation; CTL LAX, INC., a California corporation; CTL USA,
INC., a New Yong corporation; M FORWARDER, LLC., a New York limited
liability company; DOES 1-~~200~~ 10,

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

SSI KOREA CO., LTD, a Korean corporation; Suntek Systems, Inc., a California corporation

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Wai Wong aka Eric Wong, an individual, et al.

**(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)**

Sang I. Lee, SBN 201874
LAW OFFICES OF SANG I. LEE
8383 Wilshire Boulevard, Suite 510
Beverly Hills, CA 90211          (323)653-6817

**(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** Per Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. Section 501, Copyright Infringement, and state causes of action

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **SACV13-1072**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, Orange County | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ DATE: __July 15, 2013__

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |