SHEN-YUAN "VICTOR" CHENG (SBN 278446)
INTEGRATION LAW GROUP
355 S. Grand Ave., Suite 2450-484
Los Angeles, CA 90071
Tel: (213) 281-5111
Fax: (213) 293-3116
Email: victorcheng@integrationlaw.com

KERMIT D. MARSH (SBN 150745)
LAW OFFICES OF KERMIT D. MARSH
9550 Warner Avenue, Suite 250
Fountain Valley, California 92708
Tel: (714) 593-2321
Fax: (888) 396-6272
Email: kermit@kermitmarshlaw.com

Attorneys for Defendants
Straight Forwarding Inc.,
Sunny International Logistics Inc.,
Vanair Freight International USA Inc., and
Sunny International Logistics (NY) Inc.

**AND OTHER DEFENDANTS AND CROSS-DEFENDANTS**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SSI KOREA CO., LTD, a Korean corporation; SUNTEK SYSTEMS, INC., a California corporation,<br><br>    Plaintiffs,<br><br>    vs.<br><br>WAI WONG aka ERIC WONG, an individual; MINGJI YIN aka PETER YIN, an individual; I – COM SYSTEMS, INC., a California corporation; et. al,<br><br>    Defendants. | SACV13-1072 DOC (RNBx)<br><br>**[DISCOVERY DOCUMENT REFERRED TO MAGISTRATE JUDGE ROBERT N. BLOCK]**<br><br>**STIPULATED PROTECTIVE ORDER** |

# I.

# INTRODUCTION

This action involves claims of copyright infringement, trade secrets misappropriation, unfair competition, breach of confidence and interference with contractual relationships, among others, by Plaintiffs SSI Korea Co., Ltd, And Suntek Systems, Inc. ("Plaintiffs") against Defendants Wai Wong aka Eric Wong, Mingji Yin aka Peter Yin, I–Com Systems, Inc., Sunway Express, Inc., Vanair Freight International (U.S.A.), Inc., Sunny International Logistics, Inc., Sunny International Logistics (NY), Inc., Western Logistics, Inc., CTL LAX Inc., CTL USA Inc., Straight Forwarding Inc., G & J Express Transport, Inc. and Does 1 through 10 (collectively the "Defendants"). In connection with the claims and defenses in this case, the parties intend to request the discovery of documents and information that are particularly sensitive, including: (1) Plaintiffs' and Defendants' trade secrets, corporate financial documents, internal operating procedures, profits, client information and other trade secrets; (2) Plaintiffs' computer source code; and (3) documents and tangible things in the possession, custody and control that may affect the right to privacy of third parties, and the like.

In order to protect Defendants' confidential business records and Plaintiffs' personal and business information consistent with the public's right of access to the Court's records and processes, the parties, by their undersigned counsel, hereby stipulate pursuant to Fed. R. Civ. P. 26(c)(1)(G), subject to approval and entry by the Court, as follows:

# II.

# GOOD CAUSE EXISTS FOR THIS ORDER

Defendants contend that the details relating to their respective corporate and business operations, including, profits, expenses, marketing, employee records, internal operating procedures, business plans and client information is confidential business information. Defendants maintain that they operate in a highly competitive

industry, and contend that disclosure of non-public information about their profits, expenses, marketing, internal operating procedures, employee records, business plans and client information would give their respective competitors an advantage to which they are not lawfully entitled. Good cause exists to protect the confidentiality of information relating to Defendants' profits, expenses, employee records, marketing, internal operating procedures, business plans and client information. As this type of confidential information is not ordinarily available to other companies, Defendants contends that this information requires special protection in this lawsuit, as set forth in the terms and conditions of this Order.

Plaintiffs contend that the details relating to their manner of doing business, including any trade secrets, computer source code, marketing, internal operating procedures, business plan, client information, as well as their corporate financial information, is confidential. Good cause therefore exists to protect the confidentiality of this information. As this type of confidential information is not ordinarily available to the public, Plaintiffs contend that this information requires special protection in this lawsuit, as set forth in the terms and conditions of this Order.

### III.

### TERMS AND CONDITIONS

Any person or party subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third-parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

**A. Materials That May Be Designated Confidential**

Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, either during initial disclosures or in response to

discovery requests in this litigation by any party (hereafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" and/or "Attorneys' Eyes Only" under this Protective Order.

The designations "Confidential" and/or "Attorneys' Eyes Only" shall be limited to Discovery Materials which the producing party or non-party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position. The designations "Confidential" and/or "Attorneys' Eyes Only" shall further be limited to Discovery Materials which the producing party or non-party reasonably believes not to be in the public domain and contains any trade secret or other confidential, competitively sensitive information. "Confidential" and/or "Attorneys' Eyes Only" material shall not include information that was, is or becomes public knowledge, not in violation of this Order or any other obligation of confidentiality, or was or is acquired from a third party having no direct or indirect obligation of confidentiality to the designating party.

Confidential information ordinarily should be designated as "Confidential" rather than "Attorneys' Eyes Only." An "Attorneys' Eyes Only" designation is appropriate only where the confidential information is so extremely sensitive in the context of this case that there is a real danger that the party producing the information could be prejudiced if the information is disclosed under the protection provided by a "Confidential" designation. Examples of information warranting an "Attorneys' Eyes Only" designation are documents which contain, disclose, or reflect trade secrets, sensitive customer information, business and marketing plans and information, or similarly competitively sensitive information.

**B. Procedures for Designating Discovery Materials as Confidential**

Any Discovery Materials that are to be designated "Confidential" and/or "Attorneys' Eyes Only" may be so designated by the producing party or non-party by (i) stamping "Confidential" and/or "Attorneys' Eyes Only" on the Discovery Materials, or (ii) by furnishing a separate written notice to the undersigned counsel

for the party receiving such Discovery Materials at the time of their production or as soon thereafter as practicable (but in no event more than ten business days after production of such Discovery Materials), specifically identifying the documents or materials as "Confidential" and/or "Attorneys' Eyes Only" and by providing copies of the documents, material or information so designated.

All designations of Discovery Materials as "Confidential" and/or "Attorneys' Eyes Only" in this case must be made in good faith. Any party who either objects to any such designation, or who, by contrast, requests still further limits on disclosure (such as in camera review in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person or party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the objecting party may seek appropriate relief from the Court in accordance with Local Rule 37 and the party asserting confidentiality shall have the burden of demonstrating good cause.

Inadvertent production of or failure to designate any information as "Confidential" and/or "Attorneys' Eyes Only" shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may, within twenty (20) days of the producing parties' discovery of the inadvertent production of or failure to designate any information as "Confidential" and/or "Attorneys' Eyes Only", designate such information as confidential as appropriate.

If a producing party inadvertently discloses information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such inadvertent disclosure so advise all parties and request that the items of information be returned or destroyed. It is also agreed that the receiving party will return or destroy such inadvertently produced item or items of information and all copies thereof within fourteen (14) business days of the earliest of (a)

discovery by the receiving party of the inadvertent production, or (b) receiving a written request for the return or destruction of such item or items of information.

The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party in this action.

Upon a showing of good cause, a party may designate as "Confidential" and/or "Attorneys' Eyes Only" Discovery Material any deposition testimony in these proceedings or any portion thereof by (i) notifying counsel for the parties in writing of those pages or portion of pages of the transcript which are to be stamped and treated as "Confidential" and/or "Attorneys' Eyes Only" Discovery Material, such notice to be given no later than twenty (20) days after actual receipt of the transcript of the deposition by such notifying party's counsel; or (ii) designating the material as "Confidential" and/or "Attorneys' Eyes Only" Discovery Material on the record. Prior to the expiration of such twenty (20) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), the entire deposition shall be treated as if it were CONFIDENTIAL-ATTORNEYS' EYES ONLY material.

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing or other proceeding to include protected material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "Confidential" or "Attorneys' Eyes Only",

Parties shall further give the other Parties notice if they reasonably expect a deposition to elicit "Attorneys' Eyes Only" testimony. If the response to a deposition question requires the disclosure of "Attorneys' Eyes Only" testimony, the designating party may ask all persons who are not authorized to hear that testimony to leave the deposition room during said testimony. In the event the Parties cannot agree as to when all persons who are not authorized to hear the "Attorneys' Eyes

1  Only" testimony are to leave the deposition room, then all persons who are not
2  authorized to hear the "Attorneys' Eyes Only" testimony shall leave the deposition
3  room upon request of the designating party.  The witness may answer any pending
4  questions eliciting the "Attorneys Eyes Only" testimony after all unauthorized parties
5  have left the deposition room.  However, the witness may not confer with counsel
6  regarding the question other than to confirm the nature of testimony to be elicited.
7  The witness may not confer with counsel after counsel has indicated that testimony
8  to be elicited will be "Attorneys Eyes Only". The non-designating Party may
9  challenge a designation of "Attorneys' Eyes Only" in accordance with this paragraph
10 A.  Once that portion of the deposition calling for the disclosure of "Attorneys' Eyes
11 Only" testimony or information is over, party or parties previously excluded by the
12 designating party who were unauthorized to hear the "Attorneys' Eyes Only"
13 testimony may return to the deposition room, subject to subsequent and further
14 exclusion by the designating party, as discussed above.

15     Transcripts containing Protected Material shall have an obvious legend on the
16 title page that the transcript contains Confidential Discovery Materials, and the title
17 page shall be followed by a list of all pages (including line numbers as appropriate)
18 that have been designated as Confidential Discovery Materials and the level of
19 protection being asserted by the designating party.  The designating party shall
20 inform the court reporter of these requirements.  Any transcript that is prepared
21 before the expiration of a 20-day period for designation shall be treated during that
22 period as if it had been designated "Attorneys' Eyes Only" in its entirety unless
23 otherwise agreed.  After the expiration of that period, the transcript shall be treated
24 only as actually designated.

25     For information produced in some form other than documentary and for any
26 other tangible items, that the Producing Party affix in a prominent place on the
27 exterior of the container or containers in which the information or item is stored the
28 legend "Confidential" or "Attorneys' Eyes Only",  If only a portion or portions of the

information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

### C. Permissible Uses of Confidential Discovery Materials

Any person or party subject to this Order who receives from any other person or party any Discovery Materials that is designated as "Confidential" and/or "Attorneys' Eyes Only" pursuant to the terms of this Order (the "Confidential Discovery Materials") shall not disclose such Confidential Discovery Materials to anyone else except as expressly permitted hereunder.

Confidential Discovery Materials designated as "Confidential" may be disclosed *only* to the following categories of persons:

1. the parties to this action, including their employees;
2. outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such outside counsel and assigned to this matter;
3. its author, its addressee, and any other person indicated on the face of the document as having received a copy;
4. any person retained by a party to serve as an expert witness or otherwise providing specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto;
5. stenographers engaged to transcribe depositions conducted in this action and their support personnel
6. independent certified interpreters engaged to interpret at depositions or to translate documents in connection with this action provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto;
7. the Court and its support personnel; and

8. as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

By contrast, Confidential Discovery Materials designated as "Attorneys' Eyes Only" may be disclosed *only* to the categories of persons identified in subparagraphs (2) – (7) above. To be clear, the parties to this action, including general counsel or in-house counsel for the parties (as distinguished from outside counsel retained specifically for this action), shall *not* have access to Confidential Discovery Materials designated as "Attorneys' Eyes Only."

Prior to any disclosure of any Confidential Discovery Materials to any person referred to in subparagraph (4) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit A hereto, stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and upon request produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

### D. Filing Documents Under Seal

In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential" or "Attorneys' Eyes Only," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

### E. Procedures Upon Termination of Action

Within thirty business days following the running of any applicable time to appeal any order or ruling entered in this action, the parties or persons subject to this Order shall either (i) return all copies of all Confidential and/or "Attorneys' Eyes Only" Discovery Materials to the party or person who produced such materials, or (ii) certify to that party or person that all such materials have been destroyed, except that the parties agree and acknowledge that their outside counsel retained specifically for this action is permitted to retain one copy of the Discovery Materials for their files, subject to the same disclosure restrictions discussed above, which shall attach to those retained documents permanently.

### F. Reservation of Rights

This Order shall not affect the right of any party or person subject to this Order to oppose production of Confidential and/or Attorneys' Eyes Only Discovery Materials on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

Nothing in this Order shall prejudice the right of any party or person subject to this Order to move the Court to broaden or restrict the rights of access to and use of particular Confidential and/or Attorneys' Eyes Only Discovery Materials, or to seek modifications of this Order upon due notice to all other parties and affected protected persons.

All persons governed by this Order, by reviewing Confidential and/or Attorneys' Eyes Only Discovery Materials, or seeking the protections of this Order, shall agree to the jurisdiction of this Court over their person for the purpose of any action seeking to enforce the terms and conditions of this Order, or for any action for contempt for violation of the terms of this Order.

### G. Compliance With Subpoena

Nothing contained in this Order is intended to be construed as authorizing or encouraging a party in this action to disobey a lawful subpoena issued in another action.

**IT IS SO STIPULATED**:

DATED: December 30, 2013      LAW OFFICES OF SANG I. LEE

                                          By:   /s/ Sang I. Lee
                                                 Sang I. Lee, Esq.
                                                 Attorneys for Plaintiffs SSI Korea Co., Ltd, And Suntek Systems, Inc.

DATED: December 30, 2013      QUINTANA LAW GROUP
                                            A Professional Law Corporation

                                            By:   /s/ Andres F. Quintana
                                                Andres F. Quintana, Esq.
                                                John M. Houkom, Esq.
                                                Attorneys for Defendants CTL LAX Inc. and CTL USA Inc.

DATED: December 30, 2013      LAW OFFICES OF KERMIT D. MARSH

                                            By:   /s/ Kermit D. Marsh
                                                Kermit D. Marsh, Esq.
                                                Attorneys for Defendants Straight Forwarding Inc., Sunny International Logistics Inc., Vanair Freight International USA Inc., and Sunny International Logistics (NY) Inc.

| | |
|---|---|
| DATED: December 30, 2013 | INTEGRATION LAW GROUP |

By:  /s/ Shen-Yuan "Victor" Cheng
Shen-Yuan "Victor" Cheng, Esq.
Attorneys for Defendants Straight Forwarding Inc., Sunny International Logistics Inc., Vanair Freight International USA Inc., and Sunny International Logistics (NY) Inc.

DATED: December 30, 2013        KOHAN LAW FIRM

By:  /s/ K. Tom Kohan
K. Tom Kohan, Esq.
Attorneys for Defendants Western Logistics, Inc. and G & J Express Transport, Inc.

DATED: December 30, 2013        LYNBERG & WATKINS
A Professional Corporation

By:  /s/ Philip H. Lo
Philip H. Lo, Esq.
Nicole M. Charney, Esq.
Attorneys for Defendants Sunway Express, Inc.

DATED: December 30, 2013        LEE & ASSOCIATES, LAW FIRM, P.C.

By:  /s/ Yong Bom (Brian) Lee
Yong Bom (Brian) Lee, Esq.
Hyong C. Kim, Esq.
Attorneys for Defendants, Cross-Defendants & Cross-Complainants  I

                                  COM Systems, Inc. and Mingji Yin aka Peter Yin

DATED: December 30, 2013    WAI WONG, *In Pro Per*

                                  By:  /s/ Wai Wong
                                          WAI WONG
                                          Defendant in Pro Per.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: January 21, 2014        _____
                                        Honorable Robert N. Block
                                          United States Magistrate Judge

# EXHIBIT A

# NON-DISCLOSURE AGREEMENT

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in Case No. SACV12-2169 AG (RNBx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____
City and State where sworn and signed:_____
Printed name:_____
Signature:_____

# PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 9550 Warner Avenue, Suite 250, Fountain Valley, CA 92708.

On **December 30, 2013,** I served the following document(s): **[PROPOSED] STIPULATED PROTECTIVE ORDER** on the interested parties in this action, addressed as follows:

| | |
|---|---|
| Sang I. Lee | **On the other interested parties** |
| Law Offices of Sang I. Lee | **in this action:** |
| 8383 Wilshire Boulevard, Suite 510 | See Master Service List On |
| Beverly Hills, California 90211 | The Central District, |
| | Southern Division |
| | CM/ECF System at |
| | www.cacd.uscourts.gov |

(xx) The above-listed document(s) were electronically served via the USDC Central District, Southern Division's CM/ECF system and the Notice of Electronic Filing (NEF) indicates the registered party and/or attorney were served with the above document(s).

(  ) I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at Fountain Valley, California.

(  ) By overnight courier, I caused the above-referenced document(s) to be deposited in a box or other facility regularly maintained by the overnight courier, or I delivered the above-referenced document(s) to an overnight courier service, for delivery to the above addressee(s).

Executed on **December 30, 2013**, at Fountain Valley, California.

(  ) (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(xx) (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
JING TSANG